UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:18-04105 AG (ADS)　　　　　　　　　　Date: August 17, 2018

Title: *Daniel Elvis Burgan v. California Department of Correction and Rehabilitation/Parole*

---

Present: The Honorable Autumn D. Spaeth, United States Magistrate Judge

| Kristee Hopkins | None Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL

　　On April 26, 2018, plaintiff Daniel Elvis Burgan ("Plaintiff") filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint") and an Application to Proceed In Forma Pauperis ("IFP Application") in the Northern District of California. [Dkt. Nos. 1 and 4]. On May 15, 2018, the action was transferred to the Central District of California. [Dkt. No. 5]. On May 16, 2018, the Clerk of Court filed a Notice of Judge Assignment and Reference to United States Magistrate Judge ("Notice of Judge Assignment"), notifying Plaintiff that this case had been reassigned to the calendar of United State District Judge Andrew J. Guilford ("Judge Guilford") and referred to United States Magistrate Judge Charles F. Eick ("Judge Eick"). [Dkt. No. 7].

　　On May 22, 2018, Judge Eick granted Plaintiff's IFP Application ("Order Granting Plaintiff's IFP Application"). [Dkt. No. 8]. On May 31, 2018, Judge Guilford issued an order dismissing the Complaint ("Dismissal Order"), finding that the Complaint violated Rule 8(a) of the Federal Rules of Civil Procedure and the Eleventh Amendment barred Plaintiff's claims against defendant California Department of Corrections and Rehabilitation. [Dkt. No. 9, pps. 3-5]. Judge Guilford ordered Plaintiff to file a First Amended Complaint within 30 days, *i.e.*, no later than June 30, 2018, and expressly warned Plaintiff that his failure to do so could result in the dismissal of this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. [Dkt. No. 9, p. 5].

The Court mailed the Notice of Judge Assignment to Plaintiff, but it was returned by the United States Postal Service as "unable to forward" on June 1, 2018. [Dkt. No. 10]. The Court also mailed the Order Granting Plaintiff's IFP Application, but it was returned by the United States Postal Service on June 18, 2018 as "unable to forward" because Plaintiff was "not at [the] facility." [Dkt. No. 12].

On June 15, 2018, Chief Magistrate Judge Patrick J. Walsh issued an order transferring this action to the calendar of the undersigned Magistrate Judge ("Chief Magistrate Judge's Order"). [Dkt. No. 11]. However, the Chief Magistrate Judge's Order was likewise returned by the United States Postal Service on June 29, 2018 as "unable to forward" because Plaintiff was "not at [the] facility." [Dkt. No. 13]. Interestingly, the Dismissal Order was not returned to the Court by the United States Postal Service as "unable to forward" or undeliverable.

Forty-eight (48) days have passed since Plaintiff's First Amended Complaint became due and Plaintiff has not filed the First Amended Complaint, notified the Court of a change of address, or otherwise communicated with the Court about his case. Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be subject to involuntary dismissal if a plaintiff "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Accordingly, the Court could properly recommend dismissal of the action for Plaintiff's failure to comply with the Dismissal Order.

In addition, Local Rule 41-6 states that "[i]f mail directed by the Clerk to a pro se plaintiff's address of record is returned undeliverable by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution." Thus, because more than forty (40) days have passed since the last mail directed by the Clerk was returned by the Postal Service as undeliverable, and Plaintiff has not notified the Court of his current address, the Court has a second basis for recommending dismissal of this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:18-04105 AG (ADS)　　　　　　　　　　Date: August 17, 2018

Title: *Daniel Elvis Burgan v. California Department of Correction and Rehabilitation/Parole*

　　　However, in the interests of justice, Plaintiff is **ORDERED TO SHOW CAUSE by no later than August 31, 2018**, why the Court should not recommend that this action be dismissed for failure to prosecute. Plaintiff may discharge this Order by filing either of the following: (1) a request for an extension of time to file a First Amended Compliant and a declaration signed under penalty of perjury, explaining why he failed to comply with the Dismissal Order dated May 31, 2018; or (2) a First Amended Complaint.

　　　If Plaintiff no longer wishes to pursue his claims, he may request a voluntary dismissal of this action pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. The Clerk of Court is **DIRECTED** to attach a Notice of Dismissal Form (CV-009) to this Order.

　　　**Plaintiff is expressly warned that the failure to timely file a response to this Order will result in a recommendation that this action be dismissed without prejudice for failure to prosecute and obey court orders pursuant to Federal Rule of Civil Procedure 41(b).**

　　　**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　Initials of Clerk kh