UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ELVIS BURGAN,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTION AND REHABILITATION/PAROLE,<br><br>Defendant. | Case No.: 2:18-cv-04105 AG (ADS)<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE |

## I. INTRODUCTION

On April 26, 2018, plaintiff Daniel Elvis Burgan ("Plaintiff"), who was then housed at Atascadero State Hospital and proceeding pro se, lodged a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint") and an Application to Proceed In Forma Pauperis ("IFP Application") with the United States District Court in the Northern District of California. [Dkt. Nos. 1 and 4]. On May 15, 2018, this action was transferred to the Central District of California. [Dkt. No. 5]. On May 16, 2018, the Clerk of Court filed a Notice of Judge Assignment and Reference to United States

Magistrate Judge ("Notice of Judge Assignment"), notifying Plaintiff that this case had been reassigned to the calendar of United States District Judge Andrew J. Guilford and referred to United States Magistrate Judge Charles F. Eick. [Dkt. No. 7].

On May 22, 2018, Magistrate Judge Eick granted Plaintiff's IFP Application ("Order Granting IFP Application"). [Dkt. No. 8]. On May 31, 2018, the Court issued an order dismissing the Complaint ("Dismissal Order"), finding that the Complaint violated Rule 8(a) of the Federal Rules of Civil Procedure and the Eleventh Amendment barred Plaintiff's claims against defendant California Department of Corrections and Rehabilitation ("Defendant"). [Dkt. No. 9, pp. 3-5]. The Court ordered Plaintiff to file a First Amended Complaint within 30 days, *i.e.*, no later than June 30, 2018, and expressly warned Plaintiff that his failure to do so could result in the dismissal of this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. [Dkt. No. 9, p. 5].

The Court mailed the Notice of Judge Assignment to Plaintiff at his address of record, but it was returned to the Court by the United States Postal Service as "unable to forward" on June 1, 2018. [Dkt. No. 10]. The Court also mailed the Order Granting IFP Application, but it was returned by the United States Postal Service on June 18, 2018 as "unable to forward" because Plaintiff was "not at [the] facility." [Dkt. No. 12].

On June 15, 2018, Chief Magistrate Judge Patrick J. Walsh issued an order transferring this action to the calendar of Magistrate Judge Autumn D. Spaeth ("Chief Magistrate Judge's Order"). [Dkt. No. 11]. The Chief Magistrate Judge's Order was likewise returned by the United States Postal Service on June 29, 2018 as "unable to forward" because Plaintiff was "not at [the] facility." [Dkt. No. 13]. Interestingly, the Dismissal Order was not returned to the Court by the United States Postal Service as "unable to forward" or undeliverable.

On August 17, 2018, after the deadline to file a First Amended Complaint had passed, and no amended complaint had been filed, the Court issued an Order to Show Cause Re: Dismissal ("OSC") ordering Plaintiff to show cause by no later than August 31, 2018 why the case should not be dismissed for failure to prosecute and failure to inform the Court of Plaintiff's current address. [Dkt. No. 14, p. 3]. The Court advised Plaintiff that he could respond to the OSC by filing either of the following: (1) a request for an extension of time to file a First Amended Complaint and a declaration signed under penalty of perjury, explaining why he failed to comply with the Dismissal Order dated May 31, 2018; or (2) a First Amended Complaint. [Id.] In the OSC, Plaintiff was "**expressly warned that the failure to timely file a response to this Order will result in a recommendation that this action be dismissed without prejudice for failure to prosecute and obey court orders pursuant to Federal Rule of Civil Procedure 41(b).**" [Id. (emphasis in original)].

The Court mailed the OSC to Plaintiff at his address of record. As of the date of this Order, the OSC has not been returned to the Court as undeliverable and Plaintiff has not filed a response.

## II. DISCUSSION

### A. Plaintiff's Failure to Notify Court of His Current Address Warrants Dismissal

#### 1. Applicable Law

Pro se litigants must follow the same rules of procedure that govern other litigants. Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995) (citing King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (overruled on other grounds); accord Lacey v. Maricopa Cty., 693 F.3d 896 (9th Cir. 2012). Central District Local Civil Rule 83-2.2.3, states, in

3

relevant part, that a party "appearing pro se is required to comply with these Local Rules, and with the Fed.R.Civ. P...." Central District Local Civil Rule 41-6 requires pro se plaintiffs to keep the Court apprised of their current address or risk dismissal of their action. Specifically, Local Rule 41-6 states,

> ***Dismissal–Failure of Pro Se Plaintiff to Keep Court Apprised of Current Address.*** A party appearing pro se shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any, and email address, if any. If mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

In Carey v. King, 856 F.2d 1439 (9th Cir. 1988), the Ninth Circuit affirmed a district court's dismissal of a case for failure to prosecute pursuant to a similar local rule. The Ninth Circuit observed that "[i]t would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through the plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not." Id. at 1441. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." Id.

### 2. Analysis

Here, Plaintiff has failed to keep the Court apprised of his current address in violation of Local Rule 41-6 despite the Court's warning that failure to do so would result in a recommendation that this action be dismissed. [Dkt. No. 14, p. 2]. Accordingly, the Court finds that dismissal of this action is warranted for Plaintiff's failure to provide the Court with his current address resulting in the Court's inability to contact Plaintiff to determine his reasons for not prosecuting this lawsuit.

4

## B. **Plaintiff's Failure to Prosecute Warrants Dismissal**

### 1. **Applicable Law**

Plaintiff's failure to prosecute the case and comply with court orders justifies dismissal. Federal Rule of Civil Procedure 41(b) grants district courts the authority to <u>sua sponte</u> dismiss actions for failure to prosecute or to comply with court orders. See <u>Link v. Wabash R.R.</u>, 370 U.S. 626, 629–30 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). Dismissal is a harsh penalty which, when determining whether to dismiss an action for failure to comply with court orders or failure to prosecute, requires the Court to weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 642 (9th Cir. 2002).

### 2. **Analysis**

In weighing these five factors, the Court finds dismissal is warranted. In the instant case, the first two factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. The Court has repeatedly advised Plaintiff that a failure to respond to its orders and provide a current mailing address may result in dismissal. In addition to its Local Rules, the Court advised Plaintiff in the Dismissal Order that failure to timely file a First Amended Complaint in accordance with the Court's directives "may result in the dismissal of this action." [Dkt. No. 9, pp. 5-6]. Furthermore, the OSC expressly warned Plaintiff that failure to timely respond to the OSC would result in a recommendation that this action be dismissed for Plaintiff's failure to prosecute and obey court orders. [Dkt. No. 14, p.

3]. Nonetheless, Plaintiff has failed to file a First Amended Complaint or provide a current address. Plaintiff's conduct hinders the Court's ability to move this case toward disposition and indicates that Plaintiff does not intend to litigate this action diligently. His failure to file a First Amended Complaint and comply with the Court's directives have interfered with the public's interest in the expeditious resolution of this litigation and the Court's need to manage its docket. See Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."). Accordingly, the first two factors militate in favor of dismissal.

The third factor, risk of prejudice to the defendants, also weighs in favor of dismissal. Where a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing parties is sufficient to favor dismissal. See Yourish, 191 F.3d at 991–92. Here, Plaintiff has not offered any excuse for his failure to comply with the Court's directives to file a First Amended Complaint. Though the Defendant has not yet appeared in this case, "'[t]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant[.]'" In re Eisen, 31 F.3d 1447, 1452–53 (9th Cir. 1994) (quoting Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976)). Having received no excuse for Plaintiff's failure to timely file a First Amended Complaint, despite two Court orders, the Court finds that the "prejudice" element favors dismissal.

The fourth factor, the availability of less drastic sanctions, ordinarily counsels against dismissal; however, here, there is no less drastic sanction available. The Dismissal Order provided guidance to Plaintiff regarding the substantive problems with his claims, afforded Plaintiff ample time to correct those deficiencies, and warned him that failure to file a First Amended Complaint in accordance with the Court's directives

6

could result in the dismissal of this action. [Dkt. No. 9, pp. 1-6]. According to Ninth Circuit case law, the Court has taken meaningful steps to explore alternatives to dismissal. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) ("[A] district court's warning to a party that his or her failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.") (internal citations omitted). Given Plaintiff's demonstrated unwillingness to participate in his own litigation, sanctions other than dismissal do not appear appropriate at this time.

The fifth and final factor, the public policy of favoring disposition on the merits, also ordinarily weighs against dismissal but does not do so here. It is a plaintiff's responsibility to move a case towards a "disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." Morris v. Morgan Stanley Co., 942 F.2d at 652 (9th Cir. 1991). Here, Plaintiff has failed to meet this responsibility despite having ample opportunity and time to do so. Plaintiff has not filed a First Amended Complaint, and as such, there is presently no pleading on file. Under these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to prosecute and timely respond to court orders.

Taking all of the above factors into account, dismissal for failure to prosecute is appropriate. In this case, Plaintiff has been cautioned about the possibility of dismissal of this action in the Dismissal Order dated May 31, 2018, and the OSC dated August 17, 2018. In the OSC, the Court expressly warned Plaintiff that failure to respond by August 31, 2018 may result in dismissal of this action without prejudice. Despite this warning, Plaintiff has failed to comply with the Court's orders and participate in his own litigation. Accordingly, the Court concludes that dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(b) is proper.

**III. CONCLUSION**

For the foregoing reasons, this action is DISMISSED WITHOUT PREJUDICE for failure to prosecute and obey the Court's order to keep the Court apprised of Plaintiff's current mailing address.

IT IS SO ORDERED.

Dated: Sept 27, 2018

_____
THE HONORABLE ANDREW J. GUILFORD
United States District Judge

Presented by:

_____/s/ Autumn D. Spaeth_____
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge

8